ST. LOUIS, I. M. & S. RY. CO. v. LANDA & STOREY et al.

(Court of Civil Appeals of Texas. Austin. June 5, 1912.)

1. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—GROUPING—PROPOSITIONS.

Assignments of error complaining of the judgment against a terminal carrier for delay in a shipment of live stock, averring that the court erred in rendering the judgment because the same was contrary to the law, the evidence and pleadings, that the court erred in rendering judgment for the full amount demanded because the same was contrary to the law, evidence and pleadings in that the evidence showed that the greater part of the delay occurred before delivery to the terminal carrier, that the court erred in rendering the judgment because the same was contrary to the weight of the evidence, relate to the same subject, and are properly grouped, and, when followed by propositions distinctly pointing out the errors complained of and appropriate statements under each proposition, the assignments are reviewable on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

2. APPEAL AND ERROR (§ 931*)—FINDINGS—REVIEW.

The court on appeal from a judgment on the ground of the insufficiency of the evidence to support the findings will take the testimony most favorable to the findings.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3728, 3762–3771; Dec. Dig. § 931.*]

3. CARRIERS (§ 229*) — CARRIAGE OF LIVE STOCK—LIABILITY.

Where, in an action against initial, connecting, and terminal carriers for delay in the transportation of live stock, the evidence showed delay by the connecting carrier necessitating the feeding and watering of the stock by the terminal carrier guilty of delay, notwithstanding a proper deduction of the time for feeding and watering, the terminal carrier was only chargeable with the proportion of loss suffered, which was occasioned by its negligent delay, though the delay of the connecting carrier was not negligent.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 930, 963, 964; Dec. Dig. § 229.*]

4. CARRIERS (§ 219*) — CARRIAGE OF LIVE STOCK—DELAY—WATERING AND FEEDING.

Where the transportation of live stock was delayed by the connecting carrier in consequence of unusual rains and washouts, and the delay required the terminal carrier to water and feed the stock, the reasonable time required for feeding and watering could not be charged against the connecting carrier as delay in transporting the stock.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 950, 951; Dec. Dig. § 219.*]

Appeal from District Court, Hays County; L. W. Moore, Judge.

Action by Landa & Storey against T. J. Freeman, receiver of the International & Great Northern Railroad Company and others. From a judgment for plaintiff against

defendant the St. Louis, Iron Mountain & Southern Railway Company, and in favor of codefendants, the defendant named appeals. Affirmed in part, and reversed and remanded in part.

J. D. Guinn, of San Antonio, A. G. McNeill, and H. I. Myers, for appellant. Fisher & Fisher, of Austin, Wilson & Dabney, and W. L. Hall, for appellees.

JENKINS, J. This suit was instituted in the district court of Hays county by the firm of Landa & Storey against T. J. Freeman, receiver of the International & Great Northern Railroad Company, the Texas & Pacific Railway Company, and the St. Louis, Iron Mountain & Southern Railway Company to recover damages to a shipment of beef cattle made from New Braunfels, Tex., to the National Stockyards at East St. Louis, on account of the shrinkage in weight and decline in the market, said loss alleged to have been occasioned by the negligence of defendants in said suit. The case was tried before a special judge, without a jury, and resulted in a judgment for plaintiffs against the St. Louis, Iron Mountain & Southern Railway Company for $720.70 and interest, and judgment in favor of the defendants, the other two railroads. The alleged damage on account of the decline in the market was $367.88, and the alleged damage on account of loss of weight was $362.88, with interest on said amounts. The court filed its findings of fact and conclusions of law, but in said findings of fact did not give any details. Said findings of fact and conclusions of law are as follows:

## "Findings of Fact.

"I find that the cattle were shipped as alleged in the plaintiffs' amended original petition, and that they were negligently delayed in transit as alleged; that they were carried over the respective lines of railroad as therein alleged; that they were not negligently delayed in transit while passing over the I. & G. N. R. R., nor while passing over the Texas & Pacific Railroad, but that they were negligently delayed in transit by the St. Louis, Iron Mountain & Southern Railroad from Texarkana to the point of destination, and that such delay was caused by the negligence of the St. Louis, Iron Mountain & Southern Railroad Company.

"I find that by and because of such negligence the plaintiff sustained actual damages to and in the amount of $720.70.

"I find that said shipment was interstate, and that the freight thereon was paid at the point of destination to the St. Louis, Iron Mountain & Southern Railroad Company for it, and said other railroads altogether at the same time.

"I find that said International & Great Northern Railroad and said Texas & Pacific Railroad and said St. Louis, Iron Mountain & Southern Railroad were at that time connecting lines; that the first two of said above named railroads were at that time operated within the state of Texas, and that at the time of the institution of said suit said St. Louis, Iron Mountain & Southern Railroad Company had an agent resident in and representing it within the state of Texas, and that in the course of such transportation the cattle were carried over portions of each and all of said railroads.

## "Conclusions of Law.

"I conclude as matter of law that the plaintiffs are not entitled to recover any damages herein against the said receiver of the International & Great Northern Railroad Company, nor against said Texas & Pacific Railroad Company. But that the plaintiffs are entitled to recover of and from the said St. Louis, Iron Mountain & Southern Railroad Company judgment herein for their said damages in the said sum of $720.70, and all costs in this behalf expended and interest thereon, as prayed for in their said petition herein; but only such costs as were by this suit as against said St. Louis, Iron Mountain & Southern Railway Company; that said other defendants are entitled to recover of and from the plaintiffs judgment herein for all costs incurred by them respectively herein."

The testimony shows that this shipment was delayed between New Braunfels and Texarkana, at which point they were delivered to appellant, about 14 hours, but that said delay was occasioned by unusual rains and washouts on the Texas & Pacific; and the testimony sustains the finding of the court that there was no negligence on the part of the International & Great Northern or the Texas & Pacific Railway Company, it appearing that said delay was occasioned by inevitable accident. The appellant received said shipment at 3:10 a. m. on May 13, 1908, and delivered same at the stockyards in East St. Louis at 6:45 p. m. May 14th—time consumed, 39 hours and 35 minutes. The evidence shows that the run from Texarkana to St. Louis should be made in from 22½ to 25½ hours, and that two hours and a half would be consumed in transferring from St. Louis to the stockyards. The evidence also shows that said cattle were fed and watered at Little Rock, and that the time ordinarily consumed for feeding and watering cattle is from six to eight hours. The evidence shows a decline in the market on May 15th, when said cattle were sold, as compared with the market of May 14th, which would sustain allegations of plaintiffs as to damages on this count.

## Opinion.

[1] Appellee objects to the consideration of appellant's third, fourth, and fifth assignments of error, because the same are im-

properly grouped. We do not agree with this contention. The first of these assignments is to the effect that the court erred in rendering judgment, because the same is contrary to the law, the evidence, and pleadings of plaintiffs. The second of these assignments is that the court erred in rendering judgment for $864.70, the full amount asked for in plaintiffs' petition against all the defendants, because the same is contrary to the law, the evidence, and the pleadings of the plaintiffs, in that the evidence shows that the greater part of the delay which caused plaintiffs' damage occurred before said shipment was delivered to the appellant; and the third of said assignments is that the court erred in rendering said judgment because the same is contrary to the weight of the evidence, in that the same shows that said shipment was delivered to defendant by the Texas & Pacific Railway Company about 14 hours later than it should have been delivered, and that but for such delay appellant could and would have delivered said shipment at its destination in time to be sold on the market plaintiffs claim they should have reached, and, further, that the evidence shows that appellant could not have reached said market at the ordinary rate of speed in time for such market after they were delivered to it. These several assignments of error relate to the same subject-matter; that is to say, that the court erred in rendering judgment, because the same is not sustained by the evidence on the issues presented by the pleadings in said cause. These assignments are followed by five several propositions, distinctly pointing out the supposed errors complained of and by appropriate statements under each proposition.

[2, 3] As appears from the findings of fact hereinbefore set out, taking the testimony most favorable to the findings of the trial court, which we deem it our duty to do, the run from Texarkana to the stockyards could have been made in 25 hours. It was made in 39 hours and 35 minutes, which would indicate a delay of 14 hours and 35 minutes. But a portion of this delay was occasioned by feeding the cattle at Little Rock. The evidence as to the time in which the run can be made from Texarkana to Little Rock does not allow for such feeding, and it is usually not necessary; but in this case the cattle had been on the cars 12 to 14 hours when they were delivered to appellant, and therefore could not be delivered to the stockyards within 28 hours from the time they were put on the train, even though said run had been made in 25 hours, the least time given by any witness.

[4] The necessity for feeding and watering the cattle between Texarkana and St. Louis did not arise from any fault of appellant, but from the delay on the other roads. By reason of said delay, it was necessary that the cattle be taken off at Palestine and there fed and watered, instead of running them on to Texarkana, as is usual. This was necessitated by reason of the washouts on the Texas & Pacific road, and, though the Texas & Pacific road was not guilty of negligence, still its acts necessitated the feeding and watering of the cattle between Texarkana & St. Louis, and the time necessary for this should be allowed appellant in computing the time for the run from Texarkana to St. Louis. If the least time mentioned by any witness, viz., 6 hours, be allowed, then the delay on the part of appellant unaccounted for would be 8 hours and 35 minutes. This, under the evidence, would be sufficient to show that but for such delay said cattle would have reached the stockyards in time for the market of the 14th. Other evidence offered by the plaintiffs in the court below showed that 28 hours was a reasonable time for the run from Texarkana to the stockyards, and that 3 hours is a reasonable time for watering and feeding the shipment; and the uncontradicted evidence shows that it is necessary for cattle to get to the stockyards one hour before the market closes, in order that they may be fed and watered before being put upon the market, and that the market closes at 3 o'clock p. m. Taking this calculation as a basis, the appellant could not have made said shipment in time for the market of the 14th. It will be seen from the findings of fact by the trial court above set out that the court finds that plaintiff sustained actual damages to the amount of $720.70, and in this finding the loss by shrinkage in weight and the loss by decline in market is not separated. In so finding the court must necessarily have allowed the plaintiffs in said cause for the shrinkage in weight by reason of the delay in the shipment. As from 12 to 14 hours of this delay was not occasioned by the negligence of appellant, it was improper that appellant should be charged with the same. A portion of said shrinkage was occasioned by the delay on the Texas & Pacific road; and, although that road is not chargeable with such shrinkage, because the same was not occasioned by its negligence, still this is no reason why it should be charged against the appellant.

If appellant was guilty of negligence in such shipment, it should be charged with the proportion of loss suffered by appellees which was occasioned by such negligence, and no more.

For the reason that the evidence does not sustain the findings of the court in charging the entire loss occasioned by shrinkage in weight to appellant, and for the reason that under the evidence and findings of the court it is impossible for this court to determine just what proportion of said shrinkage should be charged against appellant, this case is reversed and remanded as to appellant herein; but is affirmed as to the International

& Great Northern Railroad Company and the Texas & Pacific Railway Company.

Affirmed in part and in part reversed and remanded.